## LOSS OF LIEN ON REAL ESTATE FOR DEBT OF DECEDENT.

Circuit Court of Hamilton County.

KEMPER, ADMINISTRATOR, v. APOLLO BUILDING & LOAN COMPANY ET AL. [*]

Decided, May 23, 1908.

*Administration of Estates—Laches in Enforcing Mortgage Claim— Protection of Innocent Purchasers—Equity—Estoppel.*

A mortgagee is guilty of laches when, in acting upon the theory that his security is ample, he delays enforcement of his claim for a number of years, and until after the estate has been closed and other realty belonging thereto has been sold to innocent purchasers for value, who have erected valuable improvements thereon; and in such a case the mortgage is estopped from proceeding against such innocent purchasers for recovery of a balance remaining due after exhausting his security.

*W. A. Hicks* and *D. F. Cash,* for the plaintiff.

*Willis M. Kemper, Pogue & Pogue, Roettinger & Gorman, David Davis, Charles M. Leslie, William Walker Smith, Jr.,* and *J. H. Charles Smith,* contra.

---

[*] Affirming *Kemper, Admr.,* v. *Apollo Building & Loan Co.,* 5 N. P.— N. S., 403.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

In our view of this case, we are of opinion that the defendants, Thomas C. Welch, or T. J. Couden, assignor of the claim of Welch, have been guilty of such laches that they are estopped from asserting any claim against the other defendants herein, the innocent purchasers for value and mortgagees of the Kemper real estate.

The account of the administrator of Parke. F. Kemper was filed in the probate court showing distribution to the creditors then existing. Couden, having a mortgage upon a certain piece of property, relied upon this security, no doubt believing it would be sufficient to pay his mortgage debt.

Some eight years passed without any effort being made to enforce the payment of his claim. When the claim accrued the security was regarded as worth considerable more than the claim, and it was not until years after the various tracts of land were sold and valuable improvements made thereon, that, finding on a sale of the mortgaged premises that the same was not sufficient to pay his debt in full, he undertook to enforce his claim for the balance against the property held by the present owners who paid value for the tracts and were innocent purchasers thereof.

To determine whether a party is guilty of laches each case must be decided according to its own particular circumstances, taking into consideration all the elements which affect the question. Laches is such neglect or omission to assert a right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to the adverse party, and therefore operates as a bar in a court of equity. We are of the opinion that the time allowed to pass and the circumstances in this case are such that, in the hands of innocent purchasers, the claim of Couden or Welch can not be asserted against the property now held by them. The doctrine of laches proceeds upon the question of the iniquity of permitting a claim to be enforced, which iniquity is founded upon some change in the condition or relations of the property or the parties interested.

Having reached this conclusion, and basing it upon the doctrine of laches, it is unnecessary for us to consider whether or not the enforcement of the claim of Welch and Couden is barred by the statute of limitations.

The petition therefore of the appellant will be dismissed.